WASHINGTON W. SCOTT et al., Respondents, v.
WILLIAM F. GORDON et al., Appellants.

Kansas City Court of Appeals, November 28, 1904.

1. **CONVEYANCES: Misdescription: Notice.** Two distinct descriptions of land set out in the opinion are held sufficient to impart notice to subsequent purchasers and lienors.

2. —— **Reformation of Deed: Second Lienor.** Where a second mortgagee is made party defendant in a bill to reform. a deed of trust and foreclose the same, he may by cross-bill have his own deed of trust corrected so as to protect his interests.

3. **JURISDICTION: Reforming Deed of Trust: Bankruptcy.** Where the bankrupt court gives leave to a mortgagee to foreclose and the trustee in bankruptcy is made a party defendant to a bill to reform and foreclose the deed of trust, the State court has jurisdiction to entertain the bill and proceed to foreclose.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*Theodore Emerson* for appellants,

(1) "When description is hopelessly uncertain the conveyance is void and no title is passed." Campbell v. Johnson, 43 Mo. 247. (2) Vague, impossible and incomplete descriptions are not favorites of the law, and sometimes parties have to suffer the consequences of accidents and errors. Trust Co. v. McDonald, 146 Mo. 467; Railroad v. Smith, 156 Mo. 608. (3) If an estate can not be ascertained by the description in the grant, the deed fails altogether. 3 Washburn on Real Property, 426-428; 2 Devlin on Deeds, sec. 1010; 10 Wall. 270; 6 Gray 554; Gatewood v. House, 65 Mo. 603; 3 Washburn on Real Property, 286; 20 Ohio 261; 8 Vt. 172. (4) The court should have stricken out the interplea

of Baylis T. Gordon, and refusing to do so was error. Wilson v. Benedict, 90 Mo. 208. (5) The United States District Court had entire jurisdiction. It had entire jurisdiction of bankrupt estate, and when plaintiffs voluntarily entered appearance and applied for an order to sell under the deed of trust, the jurisdiction of that court was complete. So the Clay County Circuit Court had no jurisdiction of this cause.

*Sandusky & Sandusky* and *D. C. Allen* for respondents.

(1) This action is an ordinary bill in equity to correct the description in a tract of land in a deed of trust, and to sell the land. Baylis T. Gordon, as the holder of the second deed of trust, and Ann Miller, as the purchaser and owner of the land subject to the two deeds of trust, were necessary parties. Daniel F. Blake, trustee in bankruptcy, was made a defendant as a matter of prudence in clearing the title. He had neither interest in, nor possession of, the property, and by his answer disclaimed any interest. (2) There was no error in permitting the defendant, Baylis T. Gordon, to file answer alleging the error in the description of the twenty-six acres in his second deed of trust. (3) The appellant, Ann Miller, had notice of both deeds of trust, as prior liens. Meier v. Blume, 80 Mo. 184. (4) As to the question of jurisdiction it may be observed: The respondent, Scott, obtained leave of the federal court to sell this eighty acres under his deed of trust. In re Fuller, 1 Sawy. 243; Loveland on Proceedings in Bankruptcy (2 Ed.), sec. 257, p. 709. "Such a proceeding in a State court without authority is not absolutely void." Idem. Scott v. Kelley, 22 Wall. 57; Mays v. Fulton, 20 Wall. 414.

ELLISON, J.—This proceeding was begun in the Clay County Circuit Court by bill in equity to correct

the description of land in a deed of trust in which plaintiff Scott was beneficiary and Judge James M. Sandusky, the other plaintiff, was trustee, and to foreclose the deed. Baylis T. Gordon, one of the defendants, held a second deed of trust on the same land which also contained a part of the same misdescription of the first deed. He filed a cross bill asking that the misdescription in his deed be likewise corrected. The trial court entered a decree for plaintiffs correcting the description and ordering a foreclosure of the deed of trust; and also correcting the description in the aforesaid second deed of trust and declaring it to be a second lien. Defendant Ann Miller appealed.

These deeds of trust were prior to a judgment rendered in the circuit court of Clay county against the grantor in favor of defendant Ann Miller. She had execution levied upon the lands in question and became the purchaser at such sale for a nominal sum. Shortly after her purchase plaintiffs begun this proceeding. She asserts that she had no actual notice prior to the filing of this bill of any claim or interest of plaintiffs; and that she had no notice of any kind prior to that time, except what the deed records of Clay county show. Plaintiffs however insist that at the sheriff's sale at which defendant bought the lands, they announced their claim and interest.

The principal question in the case is whether the record of the deed of trust to plaintiffs imparted notice to defendant; and the question relates principally to matter of imperfect description. Plaintiffs' contention is that it was sufficient for notice, while defendant contends that it is a mere meaningless matter and wholly void.

The whole land concerned consisted of eighty acres, but it came to the grantor in the deed of trust in three separate conveyances. One of forty acres, one of twenty-six acres, and one of fourteen acres. The imperfect description is in the two last mentioned

tracts. The description of the twenty-six acres as set out in the deed of trust is as follows: "Also 26.86 acres in the southwest corner of the southwest quarter of section 31, in township 52, of range 31, particularly described in deed from Abijah Withers, recorded in Book 5, at page 574, of the deed records of Clay county, Missouri." And the description in the Withers' deed referred to in the deed of trust is as follows: "Twenty-six and eighty-six and two-thirds hundredths acres in the southwest corner of the southwest quarter in section (31) thirty-one, township 52, range (31) thirty-one, and bounded as follows: Beginning at the southwest corner of section 31, thence east 80 poles to a stake, thence north 53.74 poles to a stake south 72 degrees east 10 links to a black oak 5 inches in diameter and north 7 and 1-2 degrees west 27 links to a white oak 10 inches, thence south 53 and 74-100 poles to the beginning."

The defect is that the land is only bounded on three sides, there is no western boundary; that is, it may be said that the words, "thence west 80 poles" were omitted by the writer of the deed.

It will be noticed that the deed of trust itself reads that the land is 26.86 acres in the southwest corner of the southwest quarter of section 31. It seems to us that that is, of itself, sufficient to notify all subsequent purchasers that that number of acres would come out of that corner of the quarter section and, of itself, would put a prospective purchaser upon inquiry as to the exact metes and bounds. But when there is added to this the further statement that it is the same land conveyed to the grantor by Abijah Withers, giving the record where such latter conveyance could be found, and when such latter conveyance discloses that it was for the same number of acres in the same corner of the quarter section, and that the western boundary was omitted manifestly by a lapse of the scrivener, then there is no

room for doubt as to the deed being sufficiently effective to impart notice.

The description of the fourteen acres is less specific as set out in the deed of trust but it refers to the record of the deed to the grantor by book and page. It reads as follows: "Also 14 acres, being a part of the northwest quarter of section 6, in township 51, of range 31, particularly described in deed from Alexander J. Calhoun, recorded in book W, at page 389, of the deed records of Clay county, Missouri." The description in the Calhoun deed thus referred to, is as follows: "It being a part of the northwest quarter of section six (6), township fifty-one (51), range thirty-one (31), viz.: Fourteen acres to be taken off of the north end of said tract and bounded as follows: Commencing at the southwest corner of William F. Gordon's land, the same being the southeast corner of William H. Roush's land, thence north 28 poles to a stake or stone, thence east 80 poles, to the Brown tract line, thence north to the northeast corner of said William F. Gordon's land 28 poles to a stone, thence west 80 poles to the beginning, containing fourteen acres."

The error in this description is in the first course being set out as "north," when it should have been "south." But as the description calls for two northern courses which made it impossible to have the terminating point at the place of beginning, it was again apparent that there was a mere error in the scrivener. There is no reasonable ground to say that anyone reading such description would not have been sufficiently informed that the fourteen acres in controversy had been attempted to be conveyed to these plaintiffs. It does not follow that because a deed is so imperfect in description as to make its correction proper (so that there may be a clear conveyance of the legal title) it will not be sufficient to put a subsequent purchaser on inquiry. The law does not necessarily contemplate notice of a

technically perfect legal conveyance before a subsequent purchaser could be charged.

There was further evidence in the case further identifying the land which was objected to by defendant, but since what we have already said shows effective notice it becomes unnecessary to give consideration to such objections.

2. As has been stated, there was a second deed of trust on the same land which was given to B. T. Gordon and he was made a party defendant. He filed an answer and cross bill in which he asks that his deed be likewise corrected. The court properly entertained his plea. He was a party in interest. He was entitled to whatever surplus proceeds which might arise in the foreclosure of the first deed. And it was but natural and right that he should have his interests protected in a suit which had for a part of its object the turning his landed security into money.

3. Defendant assails the jurisdiction of the trial court. It seems that shortly after the execution of the trust deeds and the rendition of judgment in defendant's favor the grantor and judgment debtor was declared a bankrupt in a proper proceeding against him in the Federal court. But before beginning this proceeding plaintiffs obtained an order permitting them to foreclose the deed of trust and defendant likewise obtained permission to sue out the execution on her judgment for the purpose of selling the land. The trustee in bankruptcy who was made a party defendant filed an answer disclaiming any interest in the property. While the plaintiffs did not obtain formal leave of the federal court to file the present bill to correct the description in the deed of trust, yet they did have leave to foreclose such deed, i. e., to sell the land. And, as just stated, defendant had leave to sell it. We think it manifest that the federal court so released its hold on this portion of the estate of the bankrupt as to prop-

erly place the jurisdiction where it would have been but for the bankruptcy.

After an examination of the whole record we are satisfied with the disposition which the chancellor made of the cause and hence affirm the decree. All concur.